**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARY ARNOLD, et al.,

    Plaintiffs,

v.                                            Case No. 08-CV-14505

BARCLAYS CAPITAL REAL ESTATE INC., et al.

    Defendants.
                                      /

**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION**
**FOR A TEMPORARY RESTRAINING ORDER**

Pending before the court is Plaintiffs Mary and Edward Arnold's "Ex Parte Emergency Motion for a Temporary Restraining Order," in which Plaintiffs ask the court to immediately enjoin Defendants from evicting Plaintiffs from their home until a hearing can be held. For the reasons stated below, the court will deny Plaintiffs' motion.

### I. STANDARD

The purpose of an injunction is not to remedy past wrongs, but rather to prevent the occurrence of threatened future wrongs. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) (citing *Swift & Co. v. United States*, 276 U.S. 311, 326 (1928)). When a past wrong has already occurred, a court must determine that some "cognizable danger of recurrent violation" exists. *Id.* Moreover, the issuance of an injunction may be justified when "no right has yet been violated," *Swift & Co.*, 276 U.S. at 326, if "the moving party . . . satisf[ies] the court that relief is needed." *W.T. Grant Co.*, 345 U.S. at 633.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65.

*Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to issue a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153).

## II. DISCUSSION

### A. A TRO is an Equitable Remedy

Plaintiffs' verified complaint, on which their motion for a TRO is based, contains four causes of action: (1) Fraud and Conspiracy to Commit Fraud, (2) Violations of Michigan Consumer Protection Act, (3) Violations of Fair Debt Collection Practices Act, and (4) Unjust Enrichment. (Compl. at 8-12.) Only the third cause of action is based on

2

federal law, but all the causes of action seek the same *legal* relief – money damages. (*Id.* at 12, asking the court to "enter a judgment against the Defendants, in whatever amount in excess of this Court's jurisdictional requirement the court finds to constitute . . . compensation . . . .")  In a portion of the complaint's prayer for relief, and the current motion, however, Plaintiffs seek *equitable* relief, in the form of a TRO.  *Great Lakes Consortium v. Michigan*, 06-CV-187, 2006 WL 3838233, *3 (W.D. Mich. Dec, 29, 2006) (citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)); (Compl. at 12; Mot. at 3).  As such, Plaintiffs present the court with an insufficient indication that the rights and remedy sought through the causes of action, as pleaded in their federal case, are currently at risk.

## B.  Danger of Irreparable Harm

In evaluating whether to grant a TRO, the court must consider, among other factors, "whether the movant would suffer irreparable injury absent a [TRO] . . . ."  *N.E. Ohio Coal. for the Homeless*, 467 F.3d at 1009.  Federal Rule of Civil Procedure 65 also states a TRO can only issue if "it clearly appears from specific facts shown by . . . the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition."  Fed. R. Civ. P. 65.  Considering the present motion, it is far from clear whether an immediate injury will result.  Plaintiffs allege only that an "Order of Possession," presumably resulting in their eviction, "will be signed on *or after* November 24, 2008."  (Mot. at 2) (emphasis added.)  Based on the open-ended nature of the date, the court cannot conclude the danger is so immediate to necessitate a TRO without an opportunity for the Defendants to be heard.

Further, Plaintiffs' present insufficient facts for this court to find an irreparable injury. It is unclear whether the property at issue is in foreclosure or has already been foreclosed. In either case, though, Michigan law allows for a six-month redemption period for Plaintiffs to regain title to their property. Mich. Comp. Laws § 600.3140. Thus, even if Plaintiffs have lost their home through the alleged deception of Defendants, they still have a statutory right to redeem their property and re-occupy the residence. The redemption period is only one right, among a panapoly, designed to protect homeowners in the foreclosure process. *See generally* Mich. Comp. Laws §§ 600.3101 - 600.3185. At a minimum, the court is without sufficient facts to conclude Plaintiffs' rights are in such danger that any harm can be considered irreparable.

### C. Emergency Nature of Motion

Finally, Plaintiffs filed their motion on an emergency and *ex parte* basis, and seek a TRO without an opportunity for Defendants to be heard. Plaintiffs filed their federal lawsuit on October 22, 2008, nearly one month prior to this motion. The state court order, detailing that an eviction order will issue on or after November 24, 2008, was signed by the state court judge on October 22, 2008. The court is mystified that, given Plaintiffs were aware of the impending eviction order, they have chosen not file a motion prior to the last business day before the November 24 date, much less even serve Defendants with the complaint in the intervening month. (Mot. at 1.) The timing of these events weighs against the court granting a TRO, in light of its *ex parte* nature. In the end, Plaintiffs have not met their burden and have not satisfied the court that relief is needed. *W.T. Grant Co.*, 345 U.S. at 633.

## III.  CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's "Ex Parte Emergency Motion for a Temporary Restraining Order" [Dkt. # 4] is DENIED.

        S/Robert H. Cleland           
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2008, by electronic and/or ordinary mail.

        S/Lisa G. Wagner           
        Case Manager and Deputy Clerk
        (313) 234-5522